## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH FERRANTE, KATHLEEN DONNATIN, ) <br> BOBBY FAUL, ROBERT INGWER, ) <br> ERIN VADALA and AUBURN SCALLON, ) <br> individually and on behalf of all others similarly ) <br> situated, ) <br> ) <br>      Plaintiffs, ) <br> ) <br>      vs. ) <br> ) <br> ) <br> 411 REST CORP., a New York Corporation ) <br> d/b/a TONIC EAST and TONIC TIME ) <br> SQUARE, and MARIO ARCARI, PETER ) <br> ARCARI and KENNETH CAUFIELD, ) <br> individually ) <br> ) <br>      Defendants. ) <br> ) | Case No: 1:07-cv-11169-SAS <br><br><br> ECF CASE |

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, JOSEPH FERRANTE, KATHLEEN DONNATIN, BOBBY

FAUL, ROBERT INGWER, ERIN VADALA and AUBURN SCALLON on behalf of themselves

and all others similarly situated, by and through their undersigned attorneys, and for their First

Amended Collective and Class Action Complaint against Defendants 411 REST CORP., a New

York Corporation d/b/a TONIC EAST and TONIC TIME SQUARE, and MARIO ARCARI,

PETER ARCARI and KENNETH CAUFIELD, individually, state as follows:

## PRELIMINARY STATEMENT

Plaintiffs, through their undersigned counsel, bring this Collective and Class Action

Complaint, individually and on behalf of all other similarly situated employees (hereinafter

"Plaintiffs") to recover damages for violations of federal and New York law governing minimum wages and overtime, and to enjoin the Defendants from ongoing and future violations of these laws. The Plaintiffs and other similarly situated employees worked as bartenders and/or waitresses at an establishment doing business as "Tonic East" and "Tonic Time Square", owned and operated by the Defendants in New York, New York.

As described herein, Defendants failed to pay Plaintiffs minimum wages and overtime wages as required under federal and New York law.

Due to Defendants' continuing violations of federal and state law, Plaintiffs are entitled to: (1) unpaid minimum wages for hours for which they were paid less than the minimum wage; (2) unpaid overtime wages for hours for which they were paid at a rate less than one and a half times the minimum wage; (3) damages for the failure to provide full and uninterrupted off-duty meal periods; (4) liquidated damages and all other remedies prescribed by the FLSA for the FLSA counts only; (5) injunctive relief to enjoin the Defendants from future violations of federal and state law; and, (6) attorneys' fees and costs as provided by statute.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5.     Plaintiff Joseph Ferrante resides in New York, New York and was employed by the Defendants as a bartender from July 2006 to July 2007.

6.     Plaintiff Kathleen Donnatin resides in New York, New York and was employed by the Defendants as a bartender from January 2007 to June 2007.

7.     Plaintiff Bobby Faul resides in New York, New York and was employed by the Defendants as a bartender from June 2006 to June 2007.

8.     Plaintiff Robert Ingwer resides in New York, New York and was employed by the Defendants as a bartender from June 2006 to September 2006.

9.     Plaintiff Erin Vadala resided in New York, New York and was employed by the Defendants as a waitress by Tonic from February 2007 to July 2007.

10.     Plaintiff Auburn Scallon resides in New York, New York and was employed by the Defendants as a waitress by Tonic from May 2007 to November 2007.

11.     Copies of Plaintiffs' opt-in consent forms are attached hereto as Group Exhibit A.

## Defendants

12.     Upon information and belief, Defendant 411 REST CORP. is a corporation duly organized and existing under New York law.

13.     Defendant 411 REST CORP. operates establishment doing business under the names "Tonic East" at 411 3rd Avenue, New York, New York 10016 and "Tonic Time Square" at 727 7th Avenue, New York, New York 10019 (hereinafter "Tonic").  Upon information and belief, these establishments shared and continue to share managers, supervisors, and employees, and utilize the same payroll practices that are alleged herein to violate the FLSA and New York

labor laws.

14.     Upon information and belief, Defendants MARIO ARCARI, PETER ARCARI and KENNETH CAUFIELD are involved in the day-to-day business operation of 411 REST CORP., and have authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  As such, these individuals are "employers" within the meaning of 29 U.S.C. §203(d) of the FLSA.

15.     Upon information and belief, Tonic is at present, and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that Tonic: (i) has had employees engage in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and, (ii) has and has had an annual gross volume of sales of not less than $500,000.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. §216(b) of the FLSA:

> All individuals who were employed by Defendants during the applicable statute of limitations period as bartenders, waitresses and other similarly-titled positions who were not properly paid minimum wage and/or worked overtime during any given week within that period and not properly paid overtime.

17.     Plaintiffs bring this case as a collective action to recover unpaid regular wages, overtime compensation, liquidated damages under the FLSA counts only, unlawfully withheld

wages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendant, as well as its subsidiaries and affiliated companies.

18.     Plaintiffs estimate that there are more than 100 members of the Class who have been affected by Defendants' improper compensation policies and practices.  The precise number of bartenders and waitresses who were employed by Defendants can be easily ascertained using Defendants' payroll and personnel records.  Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail.

19.     This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent.  Plaintiffs and similarly situated employees were subject to the same uniform job descriptions, policies, manuals, guidelines, standards, and operational procedures.  Further, Defendants' willful policies and practices have affected Plaintiffs and similarly situated employees in the exact same fashion.

20.     Plaintiffs request the Court to authorize notice to the Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

## STATEMENT OF FACTS

21.     Plaintiffs have been employed as bartenders and/or waitresses by Defendants at Tonic beginning at various times as early as June of 2006, as described in the above paragraphs.

22.     At all relevant times, the Fair Labor Standards Act, 29 U.S.C. §206 has required the Defendants to pay the Plaintiffs a minimum wage of $5.15 per hour.

23.     At all relevant times, the New York Minimum Wage Act, New York Labor Law §652, has required the Defendants to pay the Plaintiffs minimum wages of $6.75 before

January 1, 2007 and $7.15 per hour since January 1, 2007.

24.     The Defendants failed to notify the Plaintiffs of the existence and requirements of federal and state laws relating to tip credits or tip allowances.

25.     The Defendants have not, as required by law, notified the Plaintiffs of their intention to pay them less than the full minimum wage on the basis of the applicable statutory and regulatory provisions relating to the tip credit and tip allowance.

26.     The Defendants have willfully paid Plaintiffs for their services and labor at hourly rates below the applicable minimum hourly wages, in violation of the FLSA and New York Minimum Wage Act.

27.     At all relevant times, both federal and state law has required the Defendants to pay Plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty (40) hours a week.

28.     During many, if not all, weeks in which Plaintiffs were employed by the Defendants, the Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for their overtime hours pursuant to the FLSA or New York Labor Law.

29.     The Defendants willfully paid Plaintiffs for their services and labor at a rate that is less than one and a half times the minimum wage, the minimum regular rate of pay to which Plaintiffs are entitled.

30.     Defendants knew or showed reckless disregard for the fact that its failure to pay Plaintiffs overtime compensation was in violation of the FLSA.

31.     Defendants failed to maintain accurate records for each employee, including Plaintiffs, of their hours actually worked as required by law. See 29 C.F.R. §516.2 (a)(7).

32.     Defendants managed Plaintiffs' work, including the amount of overtime required

to be worked, and dictated, controlled and ratified the wage and hour and all related employee compensation policies of Defendants at issue in this lawsuit.  Defendants' wage and hour practices and policies are uniform and disseminated by senior management. Defendants accepted all overtime and other work performed by Plaintiffs, accepted all benefits of that work and never warned or disciplined plaintiffs for working overtime.

33.    Defendants' actions were willful and not in good faith

## COUNT I
### Minimum Wages Under the Fair Labor Standards Act

34.    Plaintiffs repeat and reallege all the allegations in the above paragraphs.

35.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

36.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

37.    Defendants failed to pay Plaintiffs the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

38.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

## COUNT II
### Minimum Wages Under New York Labor Law

39.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

40.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

41.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

42.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, as well as reasonable attorneys' fees and costs of the action, including interest.

### COUNT III
### Overtime Wages Under the Fair Labor Standards Act

43.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

44.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

45.     During many, if not all, weeks in which Plaintiffs were employed by the Defendants, the Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for their overtime hours.

46.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate of pay to which plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

47.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

<u>COUNT IV</u>
**Overtime Wages Under New York Labor Law**

48.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

49.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

50.     During many, if not all, weeks in which Plaintiffs were employed by the Defendants, the Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for their overtime hours.

51.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate to which plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

52.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, their unpaid overtime wages, as well as reasonable attorneys' fees and costs of the action, including interest.

<u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a.   Certifying this action as a collective action pursuant to 29 U.S.C. §216(b);

b.   Ordering Defendants to file with this Court and furnish to counsel a list of all names and addresses of all bartenders and waitresses who were employed by the Defendants

9

during the past three (3) years, authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were not properly paid minimum wage and/or worked hours in excess of forty (40) hours of week during the liability period, but were not paid overtime as required by the FLSA;

      c.   Certifying a class of employees in the state of New York;

      d.   Declaring Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA, New York Minimum Wage Act, and New York Labor Law and its regulations;

      e.   Awarding Plaintiffs unpaid minimum wages due under the FLSA, the New York Minimum Wage Act, the New York Labor Law and its regulations;

      f.   Awarding Plaintiffs unpaid overtime wages due under the FLSA and the New York Labor Law and its regulations;

      g.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216 only [No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived];

      h.   Awarding Plaintiffs pre and post-judgment interest as allowed by law;

      i.   Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper;

      j.   Enjoining Defendants against future violations of the FLSA and New York State Labor law;

      k.   Providing additional general and equitable relief to which Plaintiffs may be entitled; and,

l.   Granting such further relief as the Court deems just and equitable.

Dated: January 18, 2008                    ERIK H. LANGELAND, P.C.

                                           /s/ Erik H. Langeland_____
                                           Erik H. Langeland, P.C.
                                           500 Fifth Avenue, Suite 1610
                                           New York, NY  10110
                                           (212) 354-6270
                                           (212) 898-9086 *f*
                                           elangeland@langelandlaw.com

                                           STEPHAN ZOURAS, LLP

                                           James B. Zouras
                                           Ryan F. Stephan
                                           205 N. Michigan Avenue, Suite 2560
                                           Chicago, IL 60601
                                           (312) 233-1550
                                           (312) 233-1560 *f*
                                           rstephan@stephanzouras.com

                                           Jonathan Nirenberg
                                           Resnick, Nirenberg & Siegler
                                           101 Eisenhower Parkway, Suite 300
                                           Roseland, NJ 07068
                                           (973) 795-1240

                                           **ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT A

**OPT-IN CONSENT FORM**

*Ferrante, et al v. 411 Rest. Corp., d/b/a Tonic East and Tonic Time Square*

**Complete and Return To:**
**Erik H. Langeland, P.C.**
Attn: Tonic East Class Action
500 Fifth Avenue
Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b)**

1. I, _Joseph Ferrante_, consent and agree to pursue my claims arising out of unpaid overtime and minimum wages as a _____ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square in connection with the above-referenced lawsuit.

2. I worked in the position of _BARTENDER_ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square from on or about _July 2006_ (month, year) to on or about _August 2007_ (month, year).

3. I understand this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the law firm of ERIK H. LANGELAND, P.C. and STEPHAN ZOURAS, LLP ("Plaintiffs' Counsel"), to represent me for all purposes of this action.

5. I also designate the Class Representatives as my agents to make decisions on my behalf concerning the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

DATE SIGNED: _11/26/07_    SIGNATURE: _____

PRINT NAME: _Joseph Ferrante_

**\*\*NOTE\*\*** Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights. (See "Notice of Proposed Class Action Lawsuit" for time deadlines).

## OPT-IN CONSENT FORM

*Ferrante, et al v. 411 Rest. Corp., d/b/a Tonic East and Tonic Time Square*

**Complete and Return To:**
**Erik H. Langeland, P.C.**
Attn: Tonic East Class Action
500 Fifth Avenue
Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

### CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b)

1. I, __Kathleen Donnatin__ , consent and agree to pursue my claims arising out of unpaid overtime and minimum wages as a __bartender__ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square in connection with the above-referenced lawsuit.

2. I worked in the position of __bartender__ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square from on or about __1/07__ (month, year) to on or about __7/07__ (month, year).

3. I understand this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the law firm of ERIK H. LANGELAND, P.C. and STEPHAN ZOURAS, LLP ("Plaintiffs' Counsel"), to represent me for all purposes of this action.

5. I also designate the Class Representatives as my agents to make decisions on my behalf concerning the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

DATE SIGNED: __11/26/07__    SIGNATURE: _____

PRINT NAME: __Kathleen Donnatin__

**NOTE** Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights. (See "Notice of Proposed Class Action Lawsuit" for time deadlines).

## OPT-IN CONSENT FORM

*Ferrante, et al v. 411 Rest. Corp., d/b/a Tonic East and Tonic Time Square*

### Complete and Return To:
Erik H. Langeland, P.C.
Attn: Tonic East Class Action
500 Fifth Avenue
Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

### CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b)

1. I, _____, consent and agree to pursue my claims arising out of unpaid overtime and minimum wages as a *Bartender* (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square in connection with the above-referenced lawsuit.

2. I worked in the position of *Bartender* (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square from on or about *June 2006* (month, year) to on or about *June 2007* (month, year).

3. I understand this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the law firm of ERIK H. LANGELAND, P.C. and STEPHAN ZOURAS, LLP ("Plaintiffs' Counsel"), to represent me for all purposes of this action.

5. I also designate the Class Representatives as my agents to make decisions on my behalf concerning the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

DATE SIGNED: 10/26/07    SIGNATURE: _____

PRINT NAME: Bobby Fall

**NOTE** Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights. (See "Notice of Proposed Class Action Lawsuit" for time deadlines).

## OPT-IN CONSENT FORM

*Ferrante, et al v. 411 Rest. Corp., d/b/a Tonic East and Tonic Time Square*

**Complete and Return To:**
Erik H. Langeland, P.C.
Attn: Tonic East Class Action
500 Fifth Avenue
Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

### CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b)

1. I, _ROBERT INGWER_, consent and agree to pursue my claims arising out of unpaid overtime and minimum wages as a _BARTENDER_ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square in connection with the above-referenced lawsuit.

2. I worked in the position of _BARTENDER_ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square from on or about _6/06_ (month, year) to on or about _9/06_ (month, year).

3. I understand this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the law firm of ERIK H. LANGELAND, P.C. and STEPHAN ZOURAS, LLP ("Plaintiffs' Counsel"), to represent me for all purposes of this action.

5. I also designate the Class Representatives as my agents to make decisions on my behalf concerning the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

DATE SIGNED: _11/20/07_     SIGNATURE: _____

PRINT NAME: _ROBERT INGWER_

**NOTE** Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights. (See "Notice of Proposed Class Action Lawsuit" for time deadlines).

OPT-IN CONSENT FORM

*Ferrante, et al v. 411 Rest. Corp., d/b/a Tonic East and Tonic Time Square*

Complete and Return To:

Erik H. Langeland, P.C.

Attn: Tonic East Class Action

500 Fifth Avenue

Suite 1810

New York, NY 10110

(212) 354-6270

(212) 898-9086 (Fax)

elangeland@langelandlaw.com

CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b)

1. I, __Erin Vadala__, consent and agree to pursue my claims arising out of unpaid overtime and minimum wages as a __Waitress__ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square in connection with the above-referenced lawsuit.

2. I worked in the position of __Waitress__ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square from on or about __Jan 07__ (month, year) to on or about __July 07__ (month, year).

3. I understand this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the law firm of ERIK H. LANGELAND, P.C. and STEPHAN ZOURAS, LLP ("Plaintiffs' Counsel"), to represent me for all purposes of this action.

5. I also designate the Class Representatives as my agents to make decisions on my behalf concerning the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

DATE SIGNED: __11-30-07__ SIGNATURE: __Erin A Vadala__

PRINT NAME: __Erin A Vadala__

**NOTE** Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights. (See "Notice of Proposed Class Action Lawsuit" for time deadlines).

## OPT-IN CONSENT FORM

*Ferrante, et al v. 411 Rest. Corp., d/b/a Tonic East and Tonic Time Square*

**Complete and Return To:**
**Erik H. Langeland, P.C.**
Attn: Tonic East Class Action
500 Fifth Avenue
Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

### CONSENT TO JOIN COLLECTIVE ACTION
**Pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b)**

1. I, _Auburn Scallon_ consent and agree to pursue my claims arising out of unpaid overtime and minimum wages as a _Waitress_ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square in connection with the above-referenced lawsuit.

2. I worked in the position of _Waitress_ (bartender/waitress) for 411 Rest Corp., d/b/a Tonic East and Tonic Time Square from on or about _5/2007_ (month, year) to on or about _11/2007_ (month, year).

3. I understand this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4. I hereby designate the law firm of ERIK H. LANGELAND, P.C. and STEPHAN ZOURAS, LLP ("Plaintiffs' Counsel"), to represent me for all purposes of this action.

5. I also designate the Class Representatives as my agents to make decisions on my behalf concerning the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

DATE SIGNED: _12/2/07_    SIGNATURE: _Auburn Scallon_

PRINT NAME: _Auburn Scallon_

**\*\*NOTE\*\* Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights. (See "Notice of Proposed Class Action Lawsuit" for time deadlines).**