## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| _____ | : | |
| Joseph Ferrante, Kathleen Donnatin, | : | |
| Bobby Faul, Robert Ingwer, | : | Case No.  07 CV 11169-SAS |
| Erin Vadala and Auburn Scallon, | : | |
| individually and on behalf of all others | : | |
| similarly situated, | : | Judge Shira A. Scheindlin |
| | : | Magistrate Judge Ronald L. Ellis |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| 411 Rest Corp., a New York Corporation | : | |
| d/b/a Tonic East and Tonic Time Square | : | |
| and Mario Arcari, Peter Arcari and | : | |
| Kenneth Caufield, individually, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants 411 Rest Corp., Mario Arcari, Peter Arcari and Kenneth Caufield (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in Plaintiffs' First Amended Collective and Class Action Complaint ("Complaint") as follows.

### Response to Preliminary Statement

Admitted that the Complaint purports to assert a collective action under Federal law and a class action under New York law relating to minimum wage and overtime payments, and that the Plaintiffs worked at Tonic East, located in New York, New York.  Except as specifically admitted in the foregoing, the allegations in the Preliminary Statement are denied.

**Answer to Allegations Regarding Jurisdiction and Venue**

1.      Admitted that Paragraph 1 of the Complaint purports to describe the jurisdictional basis for the Federal claims that Plaintiffs assert.  Except as specifically admitted in the foregoing, the allegations in Paragraph 1 of the Complaint are denied.

2.      Admitted that Paragraph 2 of the Complaint purports to describe the jurisdictional basis for the State law claims that Plaintiffs assert.  Except as specifically admitted in the foregoing, the allegations in Paragraph 2 of the Complaint are denied.

3.      Admitted that Paragraph 3 of the Complaint purports to describe the basis of venue for the claims that Plaintiffs assert.  Except as specifically admitted in the foregoing, the allegations in Paragraph 3 of the Complaint are denied.

4.      The Complaint contains no Paragraph 4.

**Answer to Allegations Regarding Parties**

5.      Admitted that Joseph Ferrante worked at Tonic East as a bartender in 2006 and 2007.  Defendants are without knowledge or information sufficient to form a belief as to where Mr. Ferrante currently resides.  Except as specifically admitted in the foregoing, the allegations in Paragraph 5 are denied.

6.      Admitted that Kathleen Donnatin worked at Tonic East as a bartender in 2007.  Defendants are without knowledge or information sufficient to form a belief as to where Ms. Donnatin currently resides.  Except as specifically admitted in the foregoing, the allegations in Paragraph 6 are denied.

7.      Admitted that Bobby Faul worked at Tonic East as a bartender in 2006 and 2007.  Defendants are without knowledge or information sufficient to form a belief as to where Mr. Faul currently resides.  Except as specifically admitted in the foregoing, the allegations in Paragraph 7 are denied.

8.      Admitted that Robert Ingwer worked at Tonic East as a bartender in 2006. Defendants are without knowledge or information sufficient to form a belief as to where Mr. Ingwer currently resides.  Except as specifically admitted in the foregoing, the allegations in Paragraph 8 are denied.

9.      Admitted that Erin Vadala worked at Tonic East as a waitress in 2007. Defendants are without knowledge or information sufficient to form a belief as to where Ms. Vadala currently resides.  Except as specifically admitted in the foregoing, the allegations in Paragraph 9 are denied.

10.      Admitted that Auburn Scallon worked at Tonic East as a waitress in 2007. Defendants are without knowledge or information sufficient to form a belief as to where Mr. Scallon currently resides.  Except as specifically admitted in the foregoing, the allegations in Paragraph 10 are denied.

11.      Admitted only that opt-in forms are attached to the Complaint.  Except as specifically admitted in the foregoing, the allegations in Paragraph 11 of the Complaint are denied.

### Answer to Allegations Regarding Defendants

12.      Admitted.

13.      Admitted that 411 Rest Corp. does business as "Tonic East", located at 411 Third Avenue, New York, New York 10016.  Except as specifically admitted in the foregoing, the allegations in Paragraph 13 of the Complaint are denied.

14.      Paragraph 14 of the Complaint contains a conclusion of law regarding who is an "employer" to which no response is required.  With regard to the factual allegations, it is admitted that Peter Arcari and Kenneth Caufield are involved in the day-to-day business operation of 411 Rest Corp. d/b/a Tonic East; that Peter Arcari and Kenneth Caufield have

3

authority to hire and fire employees at Tonic East; that Peter Arcari and Kenneth Caufield have the authority to direct and supervise the work of employees at Tonic East; that Mario Arcari, Peter Arcari and Kenneth Caufield have the authority to sign on the corporation's checking accounts including payroll accounts; and that Mario Arcari has the authority to make decisions regarding employee compensation and capital expenditures. Except as specifically admitted in the foregoing, the allegations in Paragraph 14 of the Complaint are denied.

15.    Admitted that 411 Rest. Corp. has had an annual gross volume of sales not less than $500,000. Except as admitted in the foregoing, Paragraph 15 of the Complaint contains conclusions of law to which no response is required.

## Answer to FLSA Collective Action Allegations

16.    Admitted that Paragraph 16 of the Complaint purports to describe the class that Plaintiffs' attorneys seek to represent pursuant to the Fair Labor Standards Act ("FLSA"). Except as specifically admitted in the foregoing, the allegations in Paragraph 16 of the Complaint are denied.

17.    Admitted that Paragraph 17 of the Complaint purports to describe the nature of Plaintiffs' lawsuit and requested relief. Except as specifically admitted in the foregoing, the allegations in Paragraph 17 of the Complaint are denied.

18.    Admitted that, to date, Tonic East has had 126 employees since it opened, and that notice of this action may be sent to those individuals by direct mail to each one's last known address. Except as specifically admitted in the foregoing, the allegations in Paragraph 18 of the Complaint are denied.

19.    Paragraph 19 of the Complaint contains conclusions of law regarding an FLSA collective action to which no response is required. With regard to the factual allegations, it is admitted that Tonic East's bartenders and servers are subject to the same respective job

descriptions, employment policies, manuals, guidelines, employment standards and procedures. Except as specifically admitted in the foregoing, the allegations in Paragraph 19 of the Complaint are denied.

20.     Admitted that Paragraph 20 of the Complaint purports to describe Plaintiffs' request regarding notification to potential class members under the FLSA.  Except as specifically admitted in the foregoing, the allegations in Paragraph 20 of the Complaint are denied.

### Answer to Allegations Regarding Statement of Facts

21.     Admitted that each of the named Plaintiffs worked at Tonic East during a portion of 2006 and/or 2007.  Except as specifically admitted in the foregoing, the allegations in Paragraph 21 of the Complaint are denied.

22.     Admitted that at all relevant times through July 23, 2007, the Federal minimum wage requirement was $5.15 per hour for non-tipped employees.  Except as specifically admitted in the foregoing, the allegations in Paragraph 22 of the Complaint are denied.

23.     Admitted as to non-tipped employees.

24.     Denied.

25.     Denied.

26.     Admitted that Automatic Data Processing, Inc. ("ADP"), which at all material times processed 411 Rest Corp.'s payroll, paid $4.35 cash wage per hour for tipped employees instead of $4.60 per hour as required by New York law beginning January 1, 2007.  Except as specifically admitted in the foregoing, the allegations in Paragraph 26 of the Complaint are denied.

27.     Paragraph 27 alleges a conclusion of law to which no response is required.

28.     Admitted that ADP which, at all material times, processed 411 Rest Corp.'s payroll, paid straight time only for certain overtime hours reported to ADP by 411 Rest Corp.

128848.00202/21659941v.4

Except as specifically admitted in the foregoing, the allegations in Paragraph 28 of the Complaint are denied.

    29.    Denied.

    30.    Denied.

    31.    Denied.

    32.    Admitted that Defendants 411 Rest Corp., Peter Arcari and Kenneth Caufield managed Plaintiffs' hours of work.  Except as specifically admitted in the foregoing, the allegations in Paragraph 32 of the Complaint are denied.

    33.    Denied.

## ANSWER TO COUNT I
### Minimum Wages under the Fair Labor Standards Act

    34.    Defendants incorporate by reference herein their responses to Paragraphs 1 through 33 of the Complaint as if set forth fully herein.

    35.    Admitted that each of the named Plaintiffs worked at Tonic East during a portion of 2006 and/or 2007.  Except as specifically admitted in the foregoing, the allegations in Paragraph 35 are conclusions of law to which no response is required, but if a response is required are denied.

    36.    Paragraph 36 of the Complaint contains conclusions of law to which no response is required, and accordingly, the allegations are denied.

    37.    Denied.

    38.    Denied.

## ANSWER TO COUNT II
### Minimum Wages Under New York Labor Law

    39.    Defendants incorporate by reference herein their responses to Paragraphs 1 through 38 of the Complaint as if set forth fully herein.

6

40.    Admitted that each of the named Plaintiffs worked at Tonic East during a portion of 2006 and/or 2007.  Except as specifically admitted in the foregoing, the allegations in Paragraph 40 are conclusions of law to which no response is required, but if a response is required are denied.

41.    Admitted that Automatic Data Processing, Inc. ("ADP"), which at all material times processed 411 Rest Corp.'s payroll, paid $4.35 cash wage per hour for tipped employees instead of $4.60 per hour as required by New York law beginning January 1, 2007.  Except as specifically admitted in the foregoing, the allegations in Paragraph 26 of the Complaint are denied.

42.    Admitted that Plaintiffs are entitled to certain de minimus unpaid minimum wages.  Except as specifically admitted in the foregoing, the allegations in Paragraph 42 of the Complaint are denied.

## ANSWER TO COUNT III
### Overtime Wages Under the Fair Labor Standards Act

43.    Defendants incorporate by reference herein their responses to Paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44.    Admitted that each of the named Plaintiffs worked at Tonic East during a portion of 2006 and/or 2007.  Except as specifically admitted in the foregoing, the allegations in Paragraph 44 are conclusions of law to which no response is required, but if a response is required are denied..

45.    Admitted that ADP which, at all material times, processed 411 Rest Corp.'s payroll, paid straight time only for certain overtime hours reported to ADP by 411 Rest Corp. Except as specifically admitted in the foregoing, the allegations in Paragraph 45 of the Complaint are denied..

46.    Denied.

7

47.    Admitted that Plaintiffs are entitled to recover half time pay for certain overtime hours.  Except as specifically admitted in the foregoing, the allegations in Paragraph 47 of the Complaint are denied.

## ANSWER TO COUNT IV
### Overtime Wages Under New York Labor Law

48.    Defendants incorporate by reference herein their responses to Paragraphs 1 through 47 of the Complaint as if set forth fully herein.

49.    Admitted that each of the named Plaintiffs worked at Tonic East during a portion of 2006 and/or 2007.  Except as specifically admitted in the foregoing, the allegations in Paragraph 49 are conclusions of law to which no response is required, but if a response is required are denied.

50.    Admitted that ADP which, at all material times, processed 411 Rest Corp.'s payroll, paid straight time only for certain overtime hours reported to ADP by 411 Rest Corp. Except as specifically admitted in the foregoing, the allegations in Paragraph 50 of the Complaint are denied.

51.    Denied.

52.    Admitted that Plaintiffs are entitled to recover half time pay for certain overtime hours.  Except as specifically admitted in the foregoing, the allegations in Paragraph 52 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants properly notified Plaintiffs of the tip credit allowance and with de minimus exceptions, paid them in accordance with applicable Federal and State laws.

8

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by their failure to adequately plead collective and/or class action allegations or satisfy the certification requirements for collective and/or class actions.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, on the grounds of estoppel, release, payment, waiver and/or laches.

### Sixth Affirmative Defense

Defendants' failures, if any, are attributable, in whole or in part, to actions or omissions of third parties.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor together with an award of costs and further relief as the Court deems appropriate.

Respectfully submitted,

BY:     /s/ Richard S. Meyer
        Richard S. Meyer
        New York Bar No. 3960200
        Julie E. Reid (admitted *pro hac vice*)
        Blank Rome LLP
        405 Lexington Avenue
        New York, NY  10174-0208
        (212) 885-5225
        (917) 332-3758 (facsimile)
        meyer@blankrome.com

Dated:  February 21, 2008                    Attorneys for Defendants

9

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing Answer and Affirmative Defenses were filed through the Electronic Case Filing ("ECF") System of the United States District Court for the Southern District of New York and are available for viewing and downloading from the ECF system.  To the extent that counsel for Plaintiffs are not registered ECF users, I served a true and correct copy of the foregoing by overnight mail upon on counsel for Plaintiffs at the following addresses:

Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY  10110

James B. Zouras
Ryan F. Stephan
205 N. Michigan Avenue, Suite 2560
Chicago, IL  60601

/s/ Richard S. Meyer____
RICHARD S. MEYER

Dated:  February 21, 2008

128848.00202/21659941v.4