IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH FERRANTE, KATHLEEN DONNATIN, BOBBY FAUL, ROBERT INGWER, ERIN VADALA and AUBURN SCALLON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>411 REST CORP., a New York Corporation d/b/a TONIC EAST and TONIC TIME SQUARE, and MARIO ARCARI, PETER ARCARI and KENNETH CAUFIELD, individually<br><br>　　　　Defendants. | No:1:07-cv-11169-SAS |

**PARTIES' JOINT ~~PROPOSED~~ SCHEDULING ORDER**

　　WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R.Civ.P. 16(b) on 3/7/05 (the "Order"); and,

　　WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

　　NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

1. **The date of the Rule 26(f) conference and the appearance for the parties:**

    February 11, 2008

    For Plaintiffs:

    ~~James B. Zouras~~    ERIK LANGELAND
    STEPHAN ZOURAS, LLP    ERIK LANFELAND P.C

For Defendants:
~~Julie Reid~~ RICHARD MEYER
BLANK ROME, LLP

2. **Statement of the issues:** Plaintiffs claim Defendants willfully failed to pay them and other class members overtime pay for all hours worked over 40 per week. Plaintiffs additionally claim Defendants willfully failed to pay them minimum wages. Plaintiffs claim that through their pay practices, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and New York Labor Law, §652 and 12 N.Y.C.R.R. 137-1.3. Apart from de minimis errors by Tonic East's payroll company, Defendants maintain that all hours worked were properly compensated and that the statutory tip credit applies to the minimum wage.

3. **Discovery Schedule:**

   a. Names of persons to be deposed and a schedule of planned depositions:

   Depositions anticipated by Plaintiffs: All named Defendants and Persons Most Knowledgeable identified in their Rule 26 disclosures.    *begin 6/15*

   Depositions anticipated by Defendants: All named Plaintiffs, all opt-ins and a representative from ADP.

   b. Document production to be completed by **May 30, 2008**;

   c. Plaintiffs to serve expert reports by **June 27, 2008**, Defendants to serve expert reports by **July 28, 2008** and expert depositions to be completed by **August 29, 2008**;

   d. Discovery is to be completed by **August 29, 2008**;

   e. Plaintiff to supply its pre-trial order materials to defendant by **October 6, 2008**;    *(stet)*

   f. The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed jury instructions for a jury trial: **November 14, 2008**;    *Oct 20, 2008*

   g. Final pre-trial conference: **December 8, 2008**    *let. 11 at 4:30*

4. **Any limitations to be placed on discovery:** To the extent certain discovery may invoke disclosure of certain personal information, i.e., social security numbers and other private information of opt-ins, the parties anticipate entering into an agreed protective order.

128848.00202/21667468v.2

5. **Discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:** Defendants seek to take individualized discovery on all opt-in plaintiffs. Plaintiffs oppose this approach and believe discovery is properly limited to the named plaintiffs or a representative sampling of the opt-ins. E.g., Grochowski v. Phoenix Construction, 318 F.3d 80, 87-88 (2d Cir 2003); Secretary v. DeSisto, 929 F2d 789 (1st Cir 1991); McGrath v. Philadelphia, 1994 U.S.Dist LEXIS 1495, *8 (E.D. Penn. 1994).

Defendants believe that they are entitled to discovery of opt-ins and do not anticipate a large number of opt-ins. See, e.g., Krueger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995); Rosen v. Reckitt & Co., Inc., 1994 WL 652534 (S.D.N.Y. Nov. 17, 1994). Moreover, the Grochowski and DeSisto decisions are inapplicable because the Courts in those cases did not discuss this issue.

6. **Anticipated fields of expert discovery, if any:** None at this time, but the parties reserve the right to supplement.

7. **Anticipated length of jury trial:** 1-2 weeks — *Jury*

8. This Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

                                   **FOR PLAINTIFFS:**

                                   ERIK H. LANGELAND, P.C.

                                   Erik H. Langeland, P.C.
                                   500 Fifth Avenue, Suite 1610
                                   New York, NY 10110
                                   (212) 354-6270
                                   (212) 898-9086 *f*
                                   elangeland@langelandlaw.com

                                   STEPHAN ZOURAS, LLP

                                   James B. Zouras
                                   Ryan F. Stephan
                                   205 N. Michigan Avenue, Suite 2560
                                   Chicago, IL 60601
                                   (312) 233-1550

(312) 233-1560 *f*
rstephan@stephanzouras.com

Jonathan Nirenberg
Resnick, Nirenberg & Siegler
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068
(973) 795-1240

**FOR DEFENDANTS:**

BLANK ROME, LLP

BY: _____
Richard S. Meyer
New York Bar No. 3960200
Julie E. Reid (admitted *pro hac vice*)
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5225
(917) 332-3758 (facsimile)
meyer@blankrome.com

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

3/24/08

128848.00202/21667468v.2